178 N.J. Super. 122 (1981)
428 A.2d 515
J.P.M. AND B.M., PLAINTIFFS-APPELLANTS,
v.
SCHMID LABORATORIES, INC., A NEW JERSEY CORPORATION, DAVID SCHWARTZ, R.P. AND RONALD MAZUR, R.P., T/A BRUCE PHARMACY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 9, 1981.
Decided February 24, 1981.
*124 Before Judges BISCHOFF, MILMED and FRANCIS.
Milton D. Liebowitz argued the cause for appellants (Liebowitz, Liebowitz & Clark, attorneys).
Anthony J. Marchetta argued the cause for the respondents (Hannoch, Weisman, Stern, Besser, Berkowitz & Kinney, attorneys).
BISCHOFF, P.J.A.D.
In this negligence/products liability action plaintiffs M. and wife allege that a contraceptive device (condom) marketed under the trade name of "Fourex Natural Skins" was defective and caused the wife to become pregnant and give birth to normal, healthy twin daughters.
Plaintiffs' action was instituted against Schmid Laboratories, the manufacturer of the device, and the retailer, Bruce Pharmacy, alleging breach of warranties, negligence and strict liability. Defendant Bruce Pharmacy, in addition to denying liability, filed a counterclaim against the plaintiff M. alleging negligence in the use of the condom and demanding contribution. Plaintiff filed a motion for summary judgment to dismiss the counterclaim, contending that the husband could not be liable to the wife in negligence because of the doctrine of interspousal immunity and therefore defendant's counterclaim for contribution could not stand. The motion was denied.
At the same time defendant Schmid moved for a summary judgment limiting plaintiffs' claims, discovery and damages to *125 the alleged wrongful birth excluding all damages for wrongful life, citing Berman v. Allan, 80 N.J. 421 (1979). That motion was granted. Plaintiffs, by leave granted, appeal from both determinations.

Interspousal Immunity
The record before us, containing interrogatories and excerpts from depositions, discloses facts from which negligence on the part of M. in the use of the contraceptive device could reasonably be inferred.[1] Plaintiff does not contend that this is not so, but argues that since he was having intercourse with his wife in the privacy of the bedroom when the product defect caused the impregnation and resultant damages, his actions are cloaked with interspousal immunity and cannot be the basis for a claim for contribution based upon his alleged negligence. We disagree. In Merenoff v. Merenoff, 76 N.J. 535, the court said:
... we recognize that there still remain situations wherein, as a matter of law or fact, claims for personal injuries between married persons will not justify a recovery of damages. We hold that, subject to these excepted areas which are best left to be defined and developed on a case-by-case basis, there presently exists no cogent or logical reason why the doctrine of interspousal tort immunity should be continued and it is hereby abrogated as a bar to a civil suit between married persons for damages for personal injuries. [at 557]
We do not view this counterclaim as falling within one of the situations where the doctrine continues to have viability. See Tevis v. Tevis, 79 N.J. 422, 426-427 (1979). While some matters or proceedings between a husband and wife within the privacy of the bedroom may remain within the protection of interspousal immunity, it is clear plaintiffs have lifted the veil of secrecy here and place squarely in issue all the facts surrounding their use or misuse of the alleged defective product. The asserted tortious behavior of the husband does not trench upon the *126 privileged or consensual aspects of married life, Merenoff v. Merenoff, supra 76 N.J. at 558, but disclosure is the unavoidable result of plaintiffs' lawsuit. In a products liability action the details concerning the use or misuse of the product are both relevant and material and may constitute a defense to a claim for damages resulting from harm caused by a defective product. Cartel Capital Corp. v. Fireco of New Jersey, 81 N.J. 548, 562-563 (1980); Cepeda v. Cumberland Engineering Co., Inc., 76 N.J. 152, 184-186 (1978) overruled in part, Suter v. San Angelo Foundry and Machine Co., 81 N.J. 150, 177 (1979).
It was not error for the trial judge to refuse to dismiss defendant's counterclaim against M. for contribution.

Damages
Plaintiffs make a broad claim for compensatory damages resulting from the birth of their children as a result of the alleged defective condom. They contend these damages include the costs of rearing and educating the children. Plaintiffs acknowledge that the children are normal and healthy and admit that the pregnancy and delivery were normal and do not allege any accompanying mental anguish.
The summary judgment entered provided that
... defendants' cross motion for summary judgment limiting plaintiffs' cause of action to one of wrongful birth, pursuant to the New Jersey Supreme Court's decision in Berman v. Allan, 80 N.J. 421 (1979), be and is hereby granted.
The Berman case was a medical malpractice action in which parents of a child afflicted with Down's syndrome sought damages from a doctor for the "wrongful birth" of the child to include the costs to "properly raise, educate and supervise" the child. Id. at 431. The court rejected this claim for the reason that "such an award would be wholly disproportionate to the culpability involved, and that allowance of such a recovery would both constitute a windfall to the parents and place too unreasonable a financial burden upon physicians." Id. at 432.
*127 In that case plaintiffs claimed that as a result of defendant's malpractice they were deprived of the right to abort the fetus. It was there held that recoverable damages included compensation for the mental and emotional anguish resulting from the birth of the afflicted child, but not those attributable to wrongful life. While the Berman case can be distinguished from the case now before us on several grounds, we interpret the holding thereof as establishing a policy on the recoverable damages in cases involving charges of "wrongful life" and "wrongful birth." Well established principles of proximate cause applicable in negligence cases would sanction recovery for all damages proximately flowing from the negligent act. Id. at 432. By drawing the line where it did and withdrawing from consideration items of damage relating to educating and rearing the child, the court has adopted a limited measure of recoverable damages in this type of case.
That defendant here is a corporate manufacturer as opposed to an individual practicing physician, or that this action is grounded in strict liability and breach of warranty principles as well as negligence, we do not consider items of sufficient factual distinction to warrant our departing from the measure of damages established in Berman.
Cases wherein the failure of sterilization procedures has resulted in the birth of unanticipated children have produced decisions which have espoused both a broad and a limited measure of recoverable damages. See cases collected on this issue in Betancourt v. Gaylor, 136 N.J. Super. 69 (Law Div. 1975); Annotation, "Malpractice-Sterilization," 27 A.L.R.3d 906-916 (1969), and Annotation, "Tort Liability for Wrongful Birth," 83 A.L.R.3d 15, 76 (1978).
We are satisfied that the holding of Berman is controlling and we affirm the summary judgment entered in the trial court limiting plaintiffs' proofs of damages.
Affirm.
NOTES
[1] For the appropriate standard of care as between married people see Merenoff v. Merenoff, 76 N.J. 535, 559 (1978).